UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ARTHUR A. BOYLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-40151-ADB |
| | * | |
| CHERYL A. BOYLE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**ORDER**

BURROUGHS, D.J.

    Plaintiff Arthur Boyle ("Plaintiff") filed his complaint on December 20, 2022. [ECF No. 1]. On January 20, 2023, Defendant Cheryl Boyle ("Defendant") moved to dismiss, [ECF No. 6], in part, for lack of subject matter jurisdiction, see [ECF No. 7 at 9–10, 13]. When a defendant argues that the Court lacks subject matter jurisdiction, the burden is on the plaintiff to establish jurisdiction. See Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018). Moreover, "[t]he Court 'has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.'" DaSilva v. Toyota Motor Corp., 474 F. Supp. 3d 448, 454 (D. Mass. 2020) (quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)). Here, the Court finds that it lacks subject matter jurisdiction, and therefore **GRANTS** Defendant's motion, [ECF No. 6], and dismisses the complaint without prejudice.

    First, the complaint lacks any jurisdictional statement, and thus fails to satisfy Federal Rule of Civil Procedure 8(a)(1), which requires that a pleading set forth "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and

the claim needs no new jurisdictional support . . . ." Fed. R. Civ. P. 8(a)(1). Nonetheless, a "district court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader or otherwise demonstrates that jurisdiction exists when the Rule 8(a)(1) allegation is defective in some regard." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206 (1969) (further observing that "[i]n some cases federal courts have excused the nonexistence of a jurisdictional allegation or an insufficient allegation when information outside the complaint demonstrates the actual existence of the court's jurisdiction"). Having carefully considered the complaint the Court concludes that it lacks jurisdiction because (1) the pleading cannot be construed to establish diversity jurisdiction and (2) to the extent Plaintiff seeks to bring claims under the federal criminal code and the Commerce Clause of the United States Constitution, those claims fail as a matter of law and therefore cannot support federal question jurisdiction.

To establish diversity jurisdiction, the Plaintiff must show that the parties are diverse and that the amount in controversy exceeds $75,000. Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004); 28 U.S.C. § 1332. When "a court decides a Rule 12(b)(1) motion on the pleadings, it must 'construe the Complaint liberally and treat all well-pleaded facts as true[,] according the plaintiff the benefit of all reasonable inferences.'" Conservation L. Found., Inc. v. Jackson, 964 F. Supp. 2d 152, 158 (D. Mass. 2013) (alteration in original) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). The analysis is not restricted to the face of the complaint, and the court, "in addition to liberally construing the complaint, may look beyond the pleadings in order to determine jurisdiction." Budnick v. Ajay Investigation & Sec. Servs., Inc., No. 95-cv-30190, 1996 WL 288921, at *2 (D. Mass. May 30, 1996). For example, in order to

determine the amount in controversy, courts have looked to the civil cover sheet where there is no express demand for damages within the complaint. See Huston v. FLS Language Ctrs., 18 F. Supp. 3d 17, 21 (D. Mass. 2014).

Here, Plaintiff checked "diversity jurisdiction" on the civil cover sheet and stated that the parties reside in different states. The question, then, is whether Plaintiff has alleged that the amount in controversy exceeds $75,000. Plaintiff, however, did not allege or otherwise set forth, in the complaint or in the cover sheet, an amount of alleged damages or an amount in controversy. This alone is reason enough to find that Plaintiff has failed to establish diversity jurisdiction, particularly where, as here, the Defendant is specifically contesting jurisdiction based on an insufficient amount in controversy. In such circumstances, the plaintiff "has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Andersen v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (quoting Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)). That showing of jurisdictional facts requires "competent proof." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Plaintiff, however, did not respond to Defendant's argument, and there is nothing in the record that the Court can rely on to show that the amount in controversy requirement is met. The Court thus finds that Plaintiff has failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.

There is also no federal question jurisdiction, pursuant to 28 U.S.C. § 1331. First, while Plaintiff brings several claims based on criminal statutes including for mail fraud, under 18 U.S.C. §§ 1341, 1342; wire fraud, under 18 U.S.C. § 1343; and health care fraud, under 18 U.S.C. § 1347, see [ECF No. 1 ¶¶ 85–108, 115–20 (Counts II, III, and V)]; such claims are not cognizable as those statutes cannot be the basis of a civil claim by a private citizen. Liu v.

Amerco, 677 F.3d 489, 494 (1st Cir. 2012) ("The federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 et seq. . . . have no civil-remedy provisions."); see also Malloy v. Watchtower Bible & Tract Soc., No. 17-cv-10635, 2017 WL 6539056, at *4 (E.D. Mich. Dec. 21, 2017) (stating that § 1347 is "a criminal statute that does not provide for a private cause of action"); Grant v. Alperovich, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (holding same).  Second, Plaintiff's claims under the Commerce Clause for violations of unspecified "Interstate Commerce laws," see [ECF No. 1 ¶¶ 121–26], similarly fail.  While the Commerce Clause "protects free trade among the States[,]" Bermudez Zenon v. Rest. Compostela, Inc., 790 F. Supp. 41, 43 (D.P.R. 1992), and can be used to challenge Congress's authority to regulate, Plaintiff has not identified any action done by Defendant, a private actor, that could give rise to a valid claim under the Commerce Clause.  The Court thus finds that Plaintiff has failed to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

      Because the Plaintiff has failed to establish subject matter jurisdiction, the motion to dismiss, [ECF No. 6], is GRANTED without prejudice.

      SO ORDERED.


April 10, 2023                                                   /s/ Allison D. Burroughs  
                                                                ALLISON D. BURROUGHS  
                                                                U.S. DISTRICT JUDGE