UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR A. BOYLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:22-cv-40151-ADB |
| CHERYL A. BOYLE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**ORDER**

BURROUGHS, D.J.

Currently before the Court is Defendant's motion for an award of all costs and attorneys' fees. [ECF No. 18]. As more fully set forth below, Defendant's request is **DENIED**.

**I.     BACKGROUND**

On April 10, 2023, the Court dismissed without prejudice Plaintiff's Complaint, [ECF No. 1], for failing to establish subject matter jurisdiction, [ECF No. 16 (the "Order")], as Plaintiff did not (1) allege that the amount in controversy exceeded $75,000 or (2) bring a valid federal question claim. [ECF No. 16 at 2–4]. Thereafter, Defendant brought the present motion pursuant to Federal Rule of Civil Procedure 54(d) seeking "$16,057.50 in billable legal fees and no billable costs." [ECF No. 18 at 7 (the "Motion")].

**II.    LEGAL STANDARD**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

"Unlike costs, attorney's fees are not traditionally imposed on a non-prevailing party." Rogers v. Town of Northborough, 188 F. Supp. 2d 10, 15 (D. Mass. 2002). "Civil litigation in the federal courts is often an expensive affair, and each party, win or lose, generally bears many of its own litigation expenses, including attorney's fees that are subject to the so-called American Rule." City of San Antonio v. Hotels.com, L.P., 141 S. Ct. 1628, 1631 (2021). That said, "[a] court may award sanctions upon finding that a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.A.C., Inc. v. Cooperativa De Seguros De Vida De Puerto Rico, 563 F.3d 1, 6 (1st Cir. 2009) (internal quotation marks omitted). "Because of its potency, a court's inherent power to shift attorneys' fees should be used sparingly and reserved for egregious circumstances." Id. (internal quotation marks omitted).

### III.     DISCUSSION

Defendant does not seek any billable costs, [ECF No. 18 at 7], and is therefore not entitled to any award pursuant to Fed. R. Civ. P. 54(d)(1).

Regarding attorneys' fees, Defendant argues that Plaintiff's Complaint cited to numerous federal criminal statutes and penalties, was "clearly frivolous, vexatious, and brought primarily for the purposes of harassment," and "was drafted to intimidate and convince the Defendant to drop her pursuit of her share of the Plaintiff's pension." [ECF No. 18 at 2]. In response, Plaintiff says that he "retained counsel for the purpose of exploring his claims[,] [c]ounsel was given the full background and procedural history and determined that claims existed[, and] [t]he Court has concluded that jurisdiction does not exist, but it has not concluded that the claims lacked merit." [ECF No. 20 at 6.]

The facts identified by Defendant do not support a finding that Plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." F.A.C., 563 F.3d at 6. Thus, the Court

will not depart from the general rule that "attorney's fees are not traditionally imposed," Rogers, 188 F. Supp. at 15, and should be awarded only "sparingly" and in "egregious circumstances," F.A.C., 563 F.3d at 6.[1]

IV.     CONCLUSION

Accordingly, Defendant's request is DENIED.

**SO ORDERED.**

June 2, 2023                                                                              /s/ Allison D. Burroughs
                                                                                                    ALLISON D. BURROUGHS
                                                                                                    U.S. DISTRICT JUDGE

---

[1] Defendant's other arguments are also unavailing.  First, Defendant's reference to 31 U.S.C. § 3730(d)(4) is inapposite because this is not a False Claims Act case.  31 U.S.C. § 3730(d)(4) ("If the Government does not proceed with the [Qui Tam] action and the person bringing the [Qui Tam] action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails . . . .").  Second, the Court did not dismiss the Complaint pursuant to M.G.L. c. 2331 § 59H, so that statute is also inapplicable.  [ECF No. 16].  Finally, even if M.G.L. c. 231 § 6F applied here, see Brandon Assocs., LLC v. FailSafe Air Safety Sys. Corp., 384 F. Supp. 2d 442, 445 (D. Mass. 2005) (noting that Section "6F is applicable only to cases brought in state courts and does not permit such awards by federal district courts"); Goldwater Bank, N.A. v. Kulikowski, No. 21-cv-10246, 2022 WL 298068, at *5 n.2 (similar), the facts identified by Defendant do not support a finding that the claims here were "wholly insubstantial, frivolous and not advanced in good faith." M.G.L. c. 231 § 6F.